DIMMERS *v.* HILLSDALE CIRCUIT JUDGE.

1. CRIMINAL LAW—CONSTRUCTION OF STATUTES.

The rule of construction in criminal cases, insofar as statutes are concerned, is that statutes must be construed in favor of the defendant where his substantial rights are concerned.

2. STATUTES—CONSTRUCTION OF PENAL STATUTES—LEGISLATIVE INTENT.

Penal statutes are to be strictly construed and in the absence of ambiguity there is no room for reasoning as to the intention of the legislature.

3. CRIMINAL LAW—JUSTICE OF THE PEACE—PRELIMINARY EXAMINATION.

In cases not triable before a justice of the peace, an accused is entitled to an examination, and evidence taken at that examination is the basis of the future action of the examining magistrate.

4. SAME—PRELIMINARY EXAMINATIONS—RECOGNIZANCES.

Examinations and recognizances taken by any examining magistrate must be forthwith certified and returned by him to clerk of the·court before which the accused is bound to appear (3 Comp. Laws 1929, § 17207).

5. INDICTMENT AND INFORMATION—FILING—RETURN OF EXAMINING MAGISTRATE.

An information by a prosecuting attorney must be filed against an accused during term in court having jurisdiction of the offense specified therein, after a proper return is filed by the examining magistrate (3 Comp. Laws 1929, § 17254).

6. CRIMINAL LAW—RETURN OF TESTIMONY TAKEN ON PRELIMINARY EXAMINATION—WAIVER—STANDING MUTE ON ARRAIGNMENT.

The right of a defendant in a criminal case to have testimony taken at the preliminary examination returned so that it might be made use of by his counsel in the trial of a cause is a substantial one and such right is not waived where defendant

stands mute on arraignment (3 Comp. Laws 1929, §§ 17203, 17207, 17254).

7. SAME—STANDING MUTE ON ARRAIGNMENT—JURISDICTION—WAIVER —INFORMATION.

A defendant, by standing mute on arraignment, does not admit any authority or jurisdiction in the trial court or waive the right to challenge the information.

8. SAME—DEFENDANT'S CONSENT TO DISCHARGE OF JURY—DOUBLE JEOPARDY.

If during the trial of a criminal case the jury be discharged with the defendant's concurrence, this consent is an implied waiver of any objection to being tried anew.

9. SAME—FORMER JEOPARDY—ESTOPPEL.

A defendant who procures the quashing of an indictment or information cannot, in bar to a new one, assert that the first was good and that he was in jeopardy under it.

10. INDICTMENT AND INFORMATION—FILING—RETURN OF EXAMINING MAGISTRATE.

Information which was irregularly filed because of lack of proper return by examining magistrate to authorize its filing was properly quashed.

11. SAME—QUASHING—EFFECT—JURISDICTION.

When an information is quashed upon defendant's motion the case stands in all respects as if none had before been filed, the complaint before the justice, his warrant, commitment and return being still of the same force and virtue as the basis for an information as if that which had been quashed had never been presented, hence the court does not lose jurisdiction of the defendant because an information was quashed and his discharge of defendant and cancellation of his bond was error (3 Comp. Laws 1929, §§ 17203, 17207, 17254).

Petition for mandamus by Albert W. Dimmers, Jr., Prosecuting Attorney of Hillsdale County, to compel Mark D. Taylor, Circuit Judge of the First Judicial Circuit, comprised of the County of Hillsdale, to vacate and set aside an order quashing an information. Submitted April 25, 1939. (Calendar No. 40,439.)  Writ granted July 6, 1939.

*Albert W. Dimmers, Jr.,* Prosecuting Attorney, *in pro. per.* (*W. B. Alexander,* of counsel), for petitioner.

*Grommon & Huggett,* for respondent.

Sharpe, J. Ralph Willford was arrested on a warrant issued by a justice of the peace. The complaint upon which a warrant was based charged Willford in two counts, first, with breaking and entering in the nighttime with intent to commit larceny; and second, with attempting to break and enter in the nighttime with intent to commit larceny. Upon demand, an examination was held at which time the justice of the peace found probable cause to believe Ralph Willford was guilty of the offense charged and he was bound over to the circuit court. At the examination, Ralph Willford was present and was represented by his attorney. Stenographic notes were taken by the circuit court stenographer and later transcribed. The justice of the peace made a return to the circuit court which was in the usual form and signed by the justice of the peace. It set forth that an examination had been had and "the testimony taken at such examination being hereto attached."

At a later date, an information was filed and Ralph Willford was arraigned in circuit court, whereupon he stood mute and a plea of not guilty was entered for him by the court. At a still later date, the case came on for hearing, a jury was impaneled and sworn in and one witness testified in behalf of the people. At this point in the trial, defendant's counsel made a motion to quash the information and discharge the respondent because the stenographic notes of the examination had before the examining magistrate were not in the file or at-

tached to the return of the examining magistrate. The trial court granted defendant's motion. Afterwards the prosecuting attorney filed a motion to vacate the order of the court, quashing the information, discharging the defendant and canceling the bond. This motion was denied. The prosecuting attorney of Hillsdale county now petitions for a writ of mandamus seeking to compel the trial judge to set aside the order quashing the information in the cause of the People of the State of Michigan v. Ralph Willford, respondent; to set aside the order discharging the respondent and canceling his bond; and to require said Ralph Willford, respondent, to appear before said court for trial and to proceed with trial according to law.

The prosecuting attorney contends that the filing of the transcript of the testimony on examination in the court was merely a ministerial act and the failure of the justice to file the same did not deprive the court of jurisdiction to try the case.

The material provisions of 3 Comp. Laws 1929, § 17203 (Stat. Ann. § 28.929), read as follows:

"And the evidence given by the witnesses examined shall be reduced to writing by such magistrate, or under his direction and shall be signed by the witnesses respectively: *Provided,* that unless provided by law, the evidence so given shall be taken down in shorthand by a county stenographer where one has been appointed. \* \* \* *Provided further,* \* \* \* Such testimony, after being typewritten, shall be received and filed in the court to which the accused is held for trial without the signature of such witness or witnesses for the same purpose and with like effect as the testimony of witnesses hereinabove provided, which is signed by such witness or witnesses and such testimony so taken shall be considered *prima facie* evidence of the testimony of such witness or witnesses at such examination."

The above section requires that after the testimony has been typewritten it shall be received and filed in the court to which the accused is held for trial, while 3 Comp. Laws 1929, § 17207 (Stat. Ann. § 28.933), provides that all examinations and recognizances taken by such magistrate shall be certified and returned by him to the court before which the party charged is bound to appear.

Section 17254, 3 Comp. Laws 1929 (Stat. Ann. § 28.980), reads as follows:

"All informations shall be filed during term in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate by the prosecuting attorney of the county as informant."

This section provides for the filing of an information after the proper return is filed by the examining magistrate. The rule of construction in criminal cases, insofar as statutes are concerned, is that statutes must be construed in favor of the defendant where his substantial rights are concerned.

In *People* v. *Lockhart,* 242 Mich. 491, we said:

"It is also the duty of this court, having due regard for other rules of construction, to construe the penal provisions of statutes in a manner most favorable to the accused."

In *Gay* v. *Webster,* 277 Mich. 255, we said:

"Penal statutes are to be strictly construed and in the absence of ambiguity, there is no room for reasoning as to the intention of the legislature."

See, also, *People* v. *Consumers Power Co.,* 275 Mich. 86.

In *People* v. *Dochstader,* 274 Mich. 238, we said:

"In cases not triable before a justice of the peace, the accused is entitled to an examination, and the

evidence taken at that examination is the basis of the future action of the examining magistrate. *People* v. *Lynch,* 29 Mich. 274; *Turner* v. *People,* 33 Mich. 363.  \*   \*   \*

"All examinations and recognizances taken by any examining magistrate must be forthwith certified and returned by him to the clerk of the court before which the accused is bound to appear. 3 Comp. Laws 1929, § 17207 (Stat. Ann. § 28.933).

"Trial of this case in circuit court was based upon an information. Such information must be filed against defendant during term, in the court having jurisdiction of the offense specified therein, after a proper return is filed by the examining magistrate, by the prosecuting attorney. 3 Comp. Laws 1929, § 17254 (Stat. Ann. § 28.980)."

In our opinion the right of defendant to have this testimony properly returned so that it might be made use of by his counsel in the trial of the cause was a substantial one, nor was there any waiver by defendant in standing mute on arraignment.

In *People* v. *Dochstader, supra,* we said:

"Defendant, by standing mute on arraignment, did not admit any authority or jurisdiction in the trial court or waive her right to challenge the information."

See, also, *People* v. *Gregory,* 30 Mich. 371.

The prosecuting attorney further contends that if the trial court had the right to quash the information, he had no right to discharge the respondent and cancel his bond.

In *People* v. *Fochtman,* 226 Mich. 53, we said, quoting from 1 Bishop's New Criminal Law (8th Ed.), p. 600, § 998:

" 'If during a trial the jury is discharged with the prisoner's concurrence, this consent thereto is his

implied waiver of any objection to being tried anew, and he may be so tried.'

"And section 1027, subd. 4 (p. 616):

"'Where, at any stage of the proceedings, the defendant procures the indictment to be quashed, he cannot in bar to a new one assert that the first was good, and he was in jeopardy under it.'

"In *People* v. *Taylor,* 117 Mich. 583, this court criticized the last cited text from Bishop. I am satisfied that the text expresses the rule, voices good common sense, admits of no violation of constitutional rights of an accused, leaves him where he has placed himself, gives the people a fair chance and is supported by the great weight of authority."

In the case at bar, the information was irregularly filed because of lack of proper return to authorize its filing and the trial court was right in quashing it. The status of defendant upon the quashing of the information is well stated in *Mentor* v. *People,* 30 Mich. 91:

"This information being quashed on the defendant's motion as no information, the case stood in all respects as if none had before been filed.

"The complaint before the justice, his warrant, commitment and return were still of the same force and virtue as the basis for an information as if that which had been quashed had never been presented. And it would have been a simple outrage upon public justice to have discharged the prisoner, without giving the prosecutor an opportunity to file an information upon the offense for which the prisoner stood committed.

"The court had lost no jurisdiction of the prisoner by the void or defective information which had been quashed."

The trial court was in error in discharging the prisoner and canceling his bond and if necessary a writ of mandamus may issue requiring the circuit

judge to set aside that part of his order discharging respondent and canceling his bond. No costs will be allowed as a public question is involved.

Butzel, C. J., and Wiest, Bushnell, Potter, North, and McAllister, JJ., concurred. Chandler, J., did not sit.