PEOPLE v. CHAMBERS

CRIMINAL LAW—PRELIMINARY EXAMINATION—TRANSCRIPT—RETURN
OF EXAMINING MAGISTRATE—DUE PROCESS.
   Transcripts of a preliminary examination are required by
   statute to be certified and returned by an examining magis-
   trate to the clerk of the court during the term in the court
   having jurisdiction of the offense where the accused is bound
   to appear; where the transcript of the preliminary examina-
   tion was not included with the return of the magistrate but
   was filed later within the term of the court and before trial
   this did not result in a violation of those statutes leading
   to a void or improper return or a violation of procedural
   due process (MCLA §§ 766.11, 766.15, 767.40).

Appeal from Macomb, George R. Deneweth, J.
Submitted Division 2 June 5, 1970, at Lansing.
(Docket No. 7,747.) Decided July 1, 1970.

Carl Chambers was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assistant
Prosecuting Attorney, for the people.

*Bruce L. Monks,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 442 *et seq.*

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

PER CURIAM. Defendant was found guilty by jury trial of armed robbery. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). On appeal he claims violation of procedural due process in that the transcript of the examination was not included with the return of the magistrate. The transcript was filed later within the term of court.

No motion to quash the information nor objection to the court's ruling was registered by the defendant.

Michigan criminal procedure statutes require that all examinations and recognizances taken by an examining magistrate must be certified and returned by him to the clerk of the court during term in the court having jurisdiction of the offense where the accused is bound to appear.**

The information and examination record shall be certified and filed. The statutes do not require that the information and transcript must be filed at the same time, only that both be filed during the term of the court.

Filing the transcript at a later date but prior to trial did not result in a violation of statute leading to a void or improper return as contended by defendant.

In *Dimmers* v. *Hillsdale Circuit Judge* (1939), 289 Mich 482, cited by defendant, there was a clear violation of the statute because the stenographic transcript was not filed with the return and was never filed with the clerk of the court having jurisdiction.

There is no statutory provision requiring the unrequested furnishing of an information or tran-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** CL 1948, § 766.11 (Stat Ann 1954 Rev § 28.929); CL 1948, § 766.15 (Stat Ann 1954 Rev § 28.933); CL 1948, § 767.40 (Stat Ann 1970 Cum Supp § 28.980).

script to defense counsel. The examination record was available and could have been obtained upon request. We find that the statutory regulations concerning certification and filing were not violated.

Affirmed.