PEOPLE *v.* BELL

1. CRIMINAL LAW — PRELIMINARY EXAMINATION TRANSCRIPT — WAIVER.

> A defendant in a criminal case has a substantial right to a transcript of his preliminary examination so that his counsel may use it for trial, however, there is no statutory provision requiring the unrequested furnishing of a transcript to defense counsel; hence defense counsel's failure to timely object to the absence of the transcript before or during trial constituted a waiver of defendant's right to the transcript where he was represented by the same counsel at the preliminary examination and the trial.

2. INDICTMENT AND INFORMATION—AMENDMENT—WITNESSES—RES GESTAE WITNESS—INDORSEMENT.

> Amendment of an information to add the name of a *res gestae* witness at the beginning of a criminal trial was not error where the witness had testified at the preliminary examination, his name was on the witness list but was omitted from the information by mistake, defense counsel was neither surprised by nor unprepared for his testimony and defense counsel stated he had no objection to the motion to indorse.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J.   Submitted Division 1 June 8, 1970, at Detroit.   (Docket No. 6,878.)   Decided September 29, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 45.
[2] 41 Am Jur 2d, Indictments and Informations § 171 *et seq.*
Power of court to amend indictment.   7 ALR 1516, 68 ALR 928.

Archie Bell, Jr., was convicted of illegal posses-
sion of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*Sandor M. Gelman,* for defendant on appeal.

Before: DANHOF, P. J., and V. J. BRENNAN and
J. J. KELLEY,* JJ.

DANHOF, P. J. Following a jury trial the defendant
was found guilty of illegal possession of narcotics,
MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).
He was sentenced to a term of six to ten years in
prison. His motion for a new trial was denied.

The defendant has appealed to this Court, raising
a number of issues that he claims require reversal
of his conviction. The major one concerns the filing
of the preliminary examination transcript. The
preliminary examination was held on August 8, 1967
but the court reporter certified the transcript of it
on October 27, 1967 under an erroneous court file
number. The trial was held on September 23 and
24, 1968 while the preliminary examination tran-
script was in the wrong court file due to the mis-
numbering. The defendant contends that this was
reversible error although he does not say how he
was prejudiced by the error.

The right of a defendant to have a transcript of
the preliminary examination so that his counsel may
use it in the trial is a substantial one. *Dimmers* v.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Hillsdale Circuit Judge* (1939), 289 Mich 482; *People* v. *Early* (1970), 25 Mich App 363. In *Dimmers,* after one prosecution witness testified, the defense counsel moved to quash the information and discharge the accused because the stenographic notes of the preliminary examination were not in the file or attached to the return of the examining magistrate. His motion was granted. The Michigan Supreme Court held that the trial court was right in quashing the information but that it was in error in discharging the prisoner.

In the *Early* case one issue was the denial of a motion to quash the information because the transcript of the preliminary examination was not contemporaneously filed with it. The transcript had been filed on January 4, 1968 before the trial commenced in early February of 1968 and was used to prepare pretrial motions. The motion to quash was made on January 29, 1968 nearly a month after the transcript was filed. This Court said that at the time the motion to quash the information was made the proper remedy *upon a showing of prejudice* was a motion for a continuance.

In the instant case the defendant was represented by the same counsel at the preliminary examination that he had at the trial. No question as to the filing of the preliminary examination transcript was raised before or during the trial. We hold that this lack of timely objection constituted a waiver of the defendant's right to a transcript of the preliminary examination and distinguishes this case from the *Dimmers* case. This Court said in *People* v. *Chambers* (1970), 25 Mich App 188, that there is no statutory provision requiring the unrequested furnishing of a transcript to the defense counsel.

The defendant also argued that the trial court erred in allowing the people at the beginning of the

trial to amend the information to add the name of a *res gestae* witness. The witness was a police officer who had testified at the preliminary examination. His name was on the witness list but by mistake was left off the information. The defense counsel was not surprised by or unprepared for the testimony of this witness. In fact counsel stated on the record that he had no objection to the motion. Clearly, there is no merit in this alleged error.

We have reviewed the other issues raised and find that none of them require discussion. There has been no miscarriage of justice. *People* v. *Dunn* (1968), 380 Mich 693, 701.

Affirmed.

All concurred.