PEOPLE *v.* J. C. LEWIS, JR.

1. CRIMINAL LAW—PSYCHIATRIC EXAMINATION—COURT-ORDERED EX-
   AMINATION—COURT'S AUTHORITY.

   Trial court has the inherent power to compel a criminal defendant
   who has raised an insanity defense to undergo a psychiatric
   examination.

2. CRIMINAL LAW—PSYCHIATRIC EXAMINATION—COURT-ORDERED EX-
   AMINATION—RIGHT AGAINST SELF-INCRIMINATION—PURPOSE OF EX-
   AMINATION.

   Compelling a criminal defendant to submit to a psychiatric ex-
   amination does not *per se* violate the defendant's constitutional
   right against self-incrimination where the underlying purpose
   of the examination is to obtain data germane to the question
   of sanity and not to obtain facts relating to the defendant's
   participation in the crime charged (US Const. Am 5).

Appeal from Oakland, Frederick C. Ziem, J.
Submitted Division 2 December 10, 1970, at Lansing.
(Docket No. 7578.)    Decided February 22, 1971.
Affirmed by Supreme Court, 386 Mich 407.

J. C. Lewis, Jr., was convicted of rape and gross
indecency.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, *Dennis Donohue,* Chief Ap-
pellate Counsel, and *Frank R. Knox,* Assistant Pros-
ecuting Attorney, for the people.

*Douglas Chartrand,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law § 48.
   Validity and construction of statutes providing for psychiatric
      examination of accused to determine mental condition.  32
      ALR2d 434.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam. After a non-jury trial, the defendant was convicted on charges of rape, MCLA § 750.-520 (Stat Ann 1954 Rev § 28.788), and gross indecency, MCLA § 750.338(b) (Stat Ann 1954 Rev § 28.570[2]). The defendant raised insanity as a defense and the court ordered him to undergo a psychiatric examination. He now appeals, contending it was error to compel him to submit to the psychiatric examination and that the trial court did not use the proper test to determine his sanity.

Defendant raises two objections to the compulsory psychiatric examination. He contends that a circuit court lacks the power to order a psychiatric examination in the absence of a statute giving the court such authority; he also contends that a compulsory psychiatric examination violates his privilege against self-incrimination.

Both of these contentions are governed by *People* v. *Sammy Martin* (1970), 26 Mich App 467; see *People* v. *Early* (1970), 25 Mich App 363. In *Martin*, the Court held that a circuit court has the inherent power to compel a defendant who has raised an insanity defense to undergo a psychiatric examination. The Court held also that, where the underlying purpose of a psychiatric examination is to obtain data germane to the question of sanity and not to obtain facts relating to defendant's participation in the crime, defendant's Fifth Amendment rights are not violated, *per se.*

In determining that the defendant was sane, the trial court applied the test found in *People* v. *Durfee* (1886), 62 Mich 487. The defendant now contends

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that the court should have used the test found in the Model Penal Code § 4.01, or one of the variants of that test. Furthermore, at no time prior to the verdict did defense counsel request that the test now urged be used. This issue is controlled by *People* v. *Wright* (1970), 25 Mich App 499; *People* v. *Markham* (1969), 19 Mich App 616; *People* v. *Morris* (1968), 10 Mich App 526. In those cases we held that the test found in *Durfee, supra,* is presently the law of this state.

Affirmed.