PEOPLE v HANNA

Docket No. 77-2981. Submitted June 15, 1978, at Detroit.—Decided September 5, 1978. Leave to appeal applied for.

Adel E. Hanna was convicted in Wayne Circuit Court, Thomas J. Brennan, J., of burning real property or its contents, conspiracy to burn real property or its contents, burning insured property, and conspiracy to burn insured property. All four convictions were related to a fire at a store owned by the defendant and his wife. The defendant appeals, alleging several errors in the trial. *Held:*

1. The trial judge did not err in posing questions to the defendant while the defendant was on the witness stand where the questions asked were not such as to arouse suspicion in the mind of the jury as to the defendant's credibility and in fact could have operated to the benefit of the defendant.

2. Failure of the trial judge to give *sua sponte* a cautionary instruction on accomplice testimony was not reversible error where there was no imbalance in the instructions as given.

3. Absent a request for an instruction on venue the trial court's failure to give such an instruction was not error.

4. No error occurred by failure to supply defense counsel with a transcript of the preliminary examination where no

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 88.
[2] 75 Am Jur 2d, Trial §§ 690, 723, 724, 818–820.
    Propriety of specific jury instruction as to credibility of accomplices, within rule requiring corroboration of their testimony. 19 ALR2d 1387.
[3] 21 Am Jur 2d, Criminal Law § 442 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
    Incompetency of counsel chosen by accused as affecting validity of convictions. 74 ALR2d 1390.
    Modern status of rule as to test in Federal court of effective representation by counsel. 26 ALR Fed 218.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 185, 187–189, 212.
    Conviction of lesser offense as bar to prosecution for greater on new trial. 61 ALR2d 1141.
[6] 5 Am Jur 2d, Arson and Related Offenses § 31.

objection was made to the absence of the transcript and the defendant made an express waiver of his right to the transcript.

5. Defendant was not denied the effective assistance of counsel.

6. The convictions on all four charges arising from a single criminal act of burning property were improper. The Legislature did not intend that there should be separate convictions and punishments for burning real property and burning insured property where the same property is involved nor separate convictions and punishments for conspiracy to burn such property. Therefore, the defendant's convictions for burning real property or its contents and for conspiracy to burn real property or its contents are vacated.

Affirmed in part, reversed in part.

1. CRIMINAL LAW—JUDGES—PARTICIPATION IN QUESTIONING—PREJUDICE.

A trial judge may properly participate in the questioning of a witness, but may not, by doing so, prejudice the rights of the defendant; a judge's questioning of a defendant did not prejudice the jury and deny the defendant a fair trial where the defendant's answers served to explain certain testimony regarding the defendant's financial position and could have operated to the benefit of the defendant.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—CAUTIONARY INSTRUCTIONS —ACCOMPLICE TESTIMONY.

Generally, the failure of a trial judge to instruct the jury on any point of law is not a ground for setting aside a defendant's conviction unless such an instruction was requested by the accused; although in some instances it may be reversible error to fail to give a cautionary instruction on accomplice testimony even absent a request, such a failure to give, *sua sponte,* a cautionary instruction was not error where there was no imbalance in the instructions which were given.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION TRANSCRIPT—WAIVER.

There is no requirement that an information or preliminary examination transcript be furnished to a defense counsel absent a request, and the right to a preliminary examination transcript may be waived by failure to object to its absence.

4. CRIMINAL LAW—APPEAL AND ERROR—ATTORNEY AND CLIENT—EFFECTIVE ASSISTANCE OF COUNSEL.

The issues to be considered on review of a defendant's claim that

he was denied effective assistance of counsel are (1) did defense counsel perform at least as well as a lawyer with ordinary training and skill in the criminal law; (2) did he conscientiously protect his client's interest, undeflected by conflicting considerations; and (3) if a mistake was made by defense counsel, was that mistake one but for which the defendant would have had a reasonable likelihood of acquittal.

5. CRIMINAL LAW—DOUBLE JEOPARDY—MULTIPLE CHARGES—SINGLE CRIMINAL ACT—NECESSARILY INCLUDED OFFENSES.

A single criminal act may give rise to charges under more than one criminal statute where there is a clear legislative intent to do so, but where one of two offenses charged is a necessarily lesser included offense of the other convictions of both are precluded.

6. ARSON—CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY —LEGISLATIVE INTENT—BURNING REAL PROPERTY—BURNING INSURED PROPERTY.

The Legislature did not intend separate convictions and punishments for conspiracy to burn real property or its contents and conspiracy to burn insured property where there is a single conspiracy relating to the same property nor separate convictions and punishments for burning real property or its contents and burning insured property where both charges relate to a single act of burning of the same property; therefore, a defendant's conviction and sentencing for all four offenses was improper where there was only one fire burning.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert A. Reuther,* Assistant Attorney General, for the people.

*Michael F. Sapala,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant was convicted by a jury

* Circuit judge, sitting on the Court of Appeals by assignment.

of burning real property or its contents,[1] conspiracy to burn real property or its contents,[2] burning insured property,[3] and conspiracy to burn insured property.[4] All four convictions were related to a fire at an Inkster party store owned by defendant and his wife. Defendant was sentenced to not less than one nor more than ten years in prison on each conviction, the sentences to run concurrently. He appeals as of right.

First, defendant alleges that certain questions posed to him by the trial judge indicated to the jury that the judge doubted defendant's credibility and, thus, prejudiced the jury against him and denied him a fair trial. Objecting for the first time on appeal, defendant refers to the following exchange:[5]

"THE COURT: I have two questions. You say you were making three thousand dollars profit a month?

"THE WITNESS: Yes.

"THE COURT: What was the total cost of the business to buy it?

"THE WITNESS: The store business, I bought it for seven thousand dollars plus inventory.

"THE COURT: You could buy a business that would make thirty six thousand dollars a year for seven thousand dollars?

---

[1] MCL 750.73; MSA 28.268.

[2] MCL 750.73; MSA 28.268; MCL 750.157(a); MSA 28.354(1).

[3] MCL 750.75; MSA 28.270.

[4] MCL 750.75; MSA 28.270; MCL 750.157(a); MSA 28.354(1).

[5] Failure to object at trial normally precludes appellate review of an alleged error. However, failure to object has been held to be no bar to appellate review where an objection concerning the trial judge's conduct must be made to the trial judge himself. *People v Eglar,* 19 Mich App 563; 173 NW2d 5 (1969). We question the wisdom of a rule that encourages timidity on the part of trial counsel and impliedly impugns the integrity of the trial bench, by indicating that judicial impartiality is likely to melt in the heat of counsel's objections. However, we will not hold that defendant's lack of objection in the instant case is a bar to a review of his claim of error.

"THE WITNESS: Well, at that time it was a guy who wanted to leave the store and sell it to me cheap.
"THE COURT: Any further questions?"

A trial judge has wide discretion in the conduct of a trial and may properly participate in the questioning of a witness. The judge may not, by doing so, prejudice the rights of the defendant.[6] One proper role of questioning by the trial judge is to clarify points and to elicit additional relevant information.[7]

Where a case is being tried before a jury, however, the judge must be specially careful that his questions or comments do not indicate partiality.[8] It is not the number of questions asked by the court, but the content of the questions and their possible impact on the jury which is crucial to an appellate review.[9] As noted by this Court in *People v Smith:*[10]

"A new trial has been ordered where a judge's questions and comments 'may' well have unjustifiably aroused suspicion in the mind of the jury' as to a witness' credibility, (emphasis supplied), *Simpson v Burton, supra,* [328 Mich 557; 44 NW2d 178 (1950)] at 563–564, and where partiality *'quite possibly could* have influenced the jury to the detriment of defendant's case', (emphasis supplied), *People v Roby,* 38 Mich App 387, 392; 196 NW2d 346 (1972)."

In the instant case, defendant's wife had testi-

---

[6] *People v Cole,* 349 Mich 175; 84 NW2d 711 (1957), *People v Gray,* 57 Mich App 289; 225 NW2d 733 (1975).

[7] *People v Davison,* 12 Mich App 429; 163 NW2d 10 (1968), *People v Smith,* 64 Mich App 263; 235 NW2d 754 (1975).

[8] *People v Smith, supra, People v Young,* 364 Mich 554; 111 NW2d 870 (1961).

[9] *People v Smith, supra,* at 267.

[10] *Id.*

fied that she and her husband had paid $6,000 for the party store and that they were making a profit of $2,500 to $3,000 per month on the business. Defendant testified that they had paid $7,000 for the store and were making about $3,000 per month profit. We do not believe that the judge's questions were such as "may well have unjustifiably aroused suspicion in the mind of the jury". To the contrary, the judge's questions could have operated to the benefit of defendant. In response to the judge's questions, defendant was able to explain why he had gotten such a bargain in the purchase of the party store, *i.e.,* "Well, at that time it was a guy who wanted to leave the store and sell it to me cheap". We decline to hold that the trial judge's questioning of defendant denied him a fair trial.

Defendant next contends that the trial judge committed reversible error in failing *sua sponte* to give a cautionary instruction on accomplice testimony. We do not agree.

Generally, the failure of the trial judge to instruct on any point of law is not a ground for setting aside a defendant's conviction unless such an instruction was requested by the accused.[11] However, the rule is not without exception. In *People v McCoy,* [12] our Supreme Court stated:

"For cases tried after publication of this opinion, it will be deemed reversible error * * * (2) to fail *upon request* to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, *it may be* reversible error to fail to give such a cautionary instruction even in the absence of a request to charge." (Emphasis added.)

[11] MCL 768.29; MSA 28.1052; GCR 1963, 516.2, *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975).

[12] 392 Mich 231, 240; 220 NW2d 456 (1974).

We are not convinced that the *McCoy* holding requires reversal in the instant case. In *McCoy,* error was found in the trial court's failure to balance care and caution language actually used in an instruction on alibi with similar language relating to the accomplice who testified against the defendant. There was no imbalance in the instructions given in the instant case. Therefore, we decline to hold that it was reversible error in the instant case for the trial judge to fail to *sua sponte* give a cautionary instruction on accomplice testimony.[13]

It is next claimed by defendant that the trial judge committed reversible error by failing to instruct the jury on venue. Defendant did not request such an instruction, and, absent a request for the instruction, we decline to hold that the trial judge committed reversible error in not giving it.[14]

Defendant next contends that his trial counsel was unable to properly impeach an accomplice witness with prior inconsistent testimony taken at the preliminary examination in the instant case because the examination transcript was not made available to trial counsel. There is no statutory provision requiring the unrequested furnishing of an information or transcript to defense counsel.[15] Also, the right to a preliminary examination transcript can be waived by failure to object to its absence,[16] therefore, it cannot be seriously argued that error is committed by not furnishing an examination transcript to a defendant where that

---

[13] *People v Till,* 80 Mich App 16, 20–23; 263 NW2d 586 (1977), *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976).

[14] MCL 768.29; MSA 28.1052; GCR 1963, 516.2.

[15] *People v Chambers,* 25 Mich App 188; 181 NW2d 61 (1970).

[16] *People v Bell,* 26 Mich App 535; 182 NW2d 731 (1970), *People v Zinn,* 63 Mich App 204; 234 NW2d 452 (1975).

defendant, as in the instant case, does not object to the absence of the transcript and, indeed, waives his right to the transcript by an express written waiver.

Defendant also claims that he was denied effective assistance of counsel by his trial counsel's failure to request certain instructions or object to allegedly improper instructions, by counsel's failure to demand a copy of the preliminary examination transcript and failure to conduct a rigorous voir dire. On review of such a claim, the questions posed are: Did defense counsel perform at least as well as a lawyer with ordinary training and skill in the criminal law, and did he conscientiously protect his client's interests, undeflected by conflicting considerations? If a mistake was made by defense counsel, was that mistake one but for which defendant would have had a reasonable likelihood of acquittal?[17] A review of the record with the above questions in mind convinces us that defendant's claim that he was denied effective assistance of counsel is without merit.

Finally, defendant contends that his convictions for both burning real property or its contents and burning insured property constitute a violation of his rights against double jeopardy. He also contends that his convictions for both conspiracy to burn real property or its contents and conspiracy to burn insured property violate the same double jeopardy prohibitions.[18]

[17] *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

[18] US Const Am V; Const 1963, art 1, § 15. Defendant does not challenge his convictions for conspiracy to commit the involved offenses and for actual subsequent commission of the offenses. Nor would such a challenge be successful under the facts of this case. Conspiracy may be an evil in itself, independently of any other evil it seeks to accomplish. Normally, the conspiracy to commit an offense and the subsequent commission of that offense do not merge into a single punishable act. *Iannelli v United States,* 420 US 770, 777–778; 95 S Ct 1284; 43 L Ed 2d 616 (1975).

The cases indicate that a single act may give rise to a charge under more than one criminal statute when there is clear legislative intent to do so.[19] But where one of the two offenses charged is a necessarily lesser included offense of the other, under case law definitions adopted by the Supreme Court, recent Michigan cases involving drug violations appear to hold that convictions for both based on the same act are precluded.[20]

[19] *Jeffers v United States,* 432 US 137; 97 S Ct 2207; 53 L Ed 2d 168, *reh den,* 434 US 880; 98 S Ct 241; 54 L Ed 2d 164 (1977). That the intent of the Legislature is controlling was affirmed by the Court, which stated:

"The critical inquiry is whether Congress intended to punish each statutory violation separately. * * * In *Iannelli v United States,* [420 US 770; 95 S Ct 1284; 43 L Ed 2d 616 (1975)] the Court concluded that Congress did intend to punish violations of § 1955 separately from § 371 conspiracy violations. Since the two offenses were different, there was no need to go further. * * * If some possibility exists that the two statutory offenses are the 'same offense' for double jeopardy purposes, however, it is necessary to examine the problem closely, in order to avoid constitutional multiple punishment difficulties." *Id.* at 155; 97 S Ct at 2218; 53 L Ed 2d at 183 (citations omitted).

Where the legislative intent is ambiguous, then certain rules of construction become applicable to determine whether separately defined crimes constitute the same offense for double jeopardy purposes. However, it is unnecessary to apply such rules or tests where the legislative intent is clear and unambiguous.

It cannot be contended that an individual needs constitutional double jeopardy protection against the Legislature's clear exercise of its proper penological function. The constitutional prohibition against cruel and unusual punishment, US Const Am VIII, and the due process protections, US Const Am V and XIV, and state constitutional counterparts provide adequate restraints on the Legislature's exercise of its power to define offenses and prescribe punishments.

[20] *People v Martin,* 398 Mich 303, 309; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). In *Martin,* the Court stated:

"A defendant may be charged and tried for each act that constitutes a separate crime. However, when tried for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense. The prohibition against multiple punishment for the same crime cannot be avoided by the form of the charge. 'The form of pleading cannot assume such importance that it will permit defendant to be convicted of both the included and greater offense.' *People v Greer,* 30 Cal 2d 589, 599; 184 P2d 512, 518 (1947). Accord, *United States v Belt,* 516 F2d 873 (CA 8, 1975), *cert den* 423 US 1056; 96 S Ct 790; 46 L Ed 2d 646 (1976)."

But, whether the basis for these rulings is the Court's conclusion that the Legislature did *not* intend to permit two convictions, one for sale of heroin and one for possession of heroin, *or,* whether it is a new state interpretation of constitutional double jeopardy in which the judiciary interprets the words "same offense", as used in the double jeopardy clause of the Michigan Constitution, as not requiring any consideration for the Legislature's intent in enacting a particular criminal statute, is far from settled.

We say "new interpretation" because we are unable to reconcile *Martin* and *Stewart*[21] wholly with the leading Federal decisions interpreting the double jeopardy provision of the constitution.[22] We incline to believe that the basis for the decisions in *Martin* and *Stewart, supra,* is the Supreme Court's belief that in enacting the Controlled Substances Act of 1971,[23] the Legislature did *not* intend sepa-

---

See also, Comment, 65 Yale L J 339, 347, n 43 (1956):

"The lesser included offense doctrine, an exception to the same evidence test, provides that when a defendant has been placed in jeopardy of conviction of one offense, he cannot be prosecuted for another which is a lesser element of the first. * * * Sometimes prosecution for the lesser offense will bar trial for the greater. * * * It will readily be seen that the lesser included offense doctrine is often merely the same evidence test in different words. Thus if defendant is indicted for murder, and the jury on the first trial can return a verdict of manslaughter, an acquittal on the first trial acquits him of both murder and manslaughter. A second trial for manslaughter would require the same evidence that would have been necessary to sustain a conviction for that 'lesser included offense' on the first trial. It has been suggested that a better reason for barring second prosecutions, whether the first trial is for the lesser or the greater offense, is that the offenses are mutually exclusive or alternative: a defendant has committed either murder or manslaughter, never both."

[21] 398 Mich 303; 247 NW2d 303 (1976); 400 Mich 540; 256 NW2d 31 (1977).

[22] *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958), *Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977).

[23] MCL 335.301 *et seq.;* MSA 18.1070(1) *et seq.*

rate sentences and separate punishments for sale of heroin and for possession of heroin where the same heroin was possessed and sold in a single, continuous transaction.

Similarly, a review of the statutes involved in the within case[24] convinces us that the Legislature did *not* intend separate convictions and separate punishments for conspiracy to burn real property or its contents and conspiracy to burn insured property where there is a single conspiracy relating to the same property. Nor did the Legislature intend separate convictions and separate punishments for burning real property or its contents and burning insured property where both charges relate to a single incident of burning of the same property.

Therefore, we hold that conviction and sentencing on four separate counts under the facts in the within case was improper. Defendant's convictions for burning real property or its contents[25] and conspiracy to burn real property or its contents[26] are vacated. His other two convictions, conspiracy to burn insured property[27] and burning insured property,[28] are affirmed.

Affirmed in part; reversed in part.

---

[24] MCL 750.73; MSA 28.268; MCL 750.75; MSA 28.270; MCL 750.157(a); MSA 28.354(1).

[25] MCL 750.73; MSA 28.268.

[26] MCL 750.73; MSA 28.268; MCL 750.157(a); MSA 28.354(1).

[27] MCL 750.75; MSA 28.270; MCL 750.157(a); MSA 28.354(1).

[28] MCL 750.75; MSA 28.270.