PEOPLE v. SMITH.

CRIMINAL LAW—SENTENCE—IMPRISONMENT IN HOUSE OF CORRECTION.

Section 29 of Act No. 118, Pub. Acts 1893, authorizing the courts to sentence to the state house of correction persons convicted of a misdemeanor, where the punishment imposed is not less than 6 months' imprisonment, applies to one convicted under a statute in force at the time of the adoption of said act (e. g., Act No. 8, Pub. Acts 1893, prohibiting the sale of liquor upon

any waters within the jurisdiction of the State, but outside of the boundaries of any city, village, or township), a violation of which is in terms made punishable by imprisonment in the county jail. *People* v. *Gobles,* 67 Mich. 475, distinguished.

Error to Benzie; Aldrich, J. Submitted November 21, 1895. Decided December 24, 1895.

William W. Smith was convicted of a violation of Act No. 8, Pub. Acts 1893, in relation to the sale of intoxicating liquors. Affirmed.

*Tweddle & Cross,* for appellant.

*Fred A. Maynard,* Attorney General, and *D. G. F. Warner,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of a violation of section 1 of Act No. 8 of the Public Acts of 1893. He was sentenced to imprisonment in the house of correction and branch of the state prison at Marquette for six months. The only question raised is whether this sentence was authorized by law.

Section 2 of the act in question provides:

"Any person who himself, or by his clerk, servant, agent, or employé, shall violate any of the provisions of section one of this act, shall for the first offense be deemed guilty of a misdemeanor, and, upon conviction thereof, be sentenced to pay a fine of not less than fifty nor more than two hundred dollars and the costs of his prosecution, or to be imprisoned in the county jail not less than forty days nor more than six months, in the discretion of the court. For the second and every subsequent offense so committed, he shall be deemed guilty of a felony, and, upon conviction thereof in any court of competent jurisdiction, be sentenced to pay a fine of not less than one hundred dollars nor more than six hundred dollars, or to be confined in state prison for a term of not less than ninety days nor more than two years, in the discretion of the court."

This was approved and given effect February 24, 1893.

Section 29 of Act No. 118 of the Public Acts of 1893 reads as follows:

"Courts of criminal jurisdiction may sentence to the state house of correction and reformatory at Ionia all male persons over fifteen years of age, and not known to have been previously sentenced to a prison for felony, who shall be convicted of any crime except treason or murder in the first degree, and all male persons over fifteen years of age who shall be convicted of any misdemeanor, where the sentence for such crime or misdemeanor shall not be less than six months; and may sentence to the state prison at 'Jackson any person over the age of fifteen years, duly convicted of any crime punishable by imprisonment in said state prison, as the courts shall deem best; and may sentence to the state house of correction and branch of the state prison in the Upper Peninsula all persons convicted, as is or may be provided by law for sentencing prisoners to any of the other prisons in this State, as the court shall, in its discretion, deem best."

This was given effect May 26th.

It cannot be open to question that the terms of this latter law are broad enough to authorize imprisonment in the house of correction and branch of the state prison in the Upper Peninsula; but in *People* v. *Gobles*, 67 Mich. 475, it was held that, under the statutes then in force, it was not competent to sentence to the house of correction for an offense which, by a statute enacted after the enactment of the law governing the house of correction, was in terms made punishable by imprisonment in the county jail. Counsel for the people do not contend against the doctrine of this case, but claim that, as Act No. 118 is later than Act No. 8, it operates as an amendment to Act No. 8, by implication. We think this contention sound. It is to be noted that section 29 of Act No. 118 is not merely a re-enactment of existing laws upon the subject. If it were, a different rule of construction might be invoked. But this section contains a substantial amendment of the former law. Under the

law as it previously existed, a person convicted of a mis-demeanor, when the punishment was not less than 90 days, was subject to confinement in the house of correction at Ionia. 2 How. Stat. § 9755. And by section 9807e3, 3 How. Stat., it is provided that courts having criminal jurisdiction may sentence to the state house of correction and branch of the state prison in the Upper Peninsula all persons duly convicted before them, as is or may be provided by law for sentencing prisoners to any of the other prisons in the State. It will be seen that there was a substantial change in the law embodied in section 9755, 2 How. Stat., fixing the minimum of imprisonment in these prisons at six months. It cannot be said, therefore, that the subject was not under consideration by the legislature. As before stated, we are unable to say that the enactment does not cover the case.

The judgment is affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., took no part in the decision.