*In re* ALLEN.

1. CRIMINAL LAW — PUNISHMENT — PRISONS — LEWD AND LASCIV-
IOUS COHABITATION.
   On conviction of lewd and lascivious cohabitation, an offense
   for which the punishment provided is "imprisonment in the
   county jail not more than one year, or fine not exceeding five
   hundred dollars" (§ 11698, 3 Comp. Laws), the offender may
   be sentenced either to the State house of correction at Ionia
   or to the branch prison at Marquette, but not to the State
   prison at Jackson. Section 2108, 1 Comp. Laws.

2. HABEAS CORPUS—VOID SENTENCE.
   Habeas corpus is an appropriate remedy when a sentence to
   imprisonment is wholly void for lack of authority to sentence
   to the institution in question.

Habeas corpus proceedings by Edward H. Allen to pro-
cure his discharge from the State prison at Jackson.
Submitted March 21, 1905. (Calendar No. 21,017.) Peti-
tioner discharged April 28, 1905.

*E. R. Boyles*, for petitioner.

*Elmer N. Peters*, for respondent warden.

MONTGOMERY, J.   This proceeding is by habeas corpus
to determine the question of the validity of a sentence.
Petitioner was convicted of the offense of lewd and lascivi-
ous cohabitation, and on March 1, 1905, was sentenced to
be confined at the Michigan State prison at Jackson, at
hard labor, for not less than six months. On the same
day, by virtue of a warrant issued from the court in pur-
suance of this sentence, the petitioner was committed to
the State prison at Jackson, where he is now confined.
The contention of petitioner is that this sentence is un-
authorized and void, and that therefore he should be re-
leased and discharged from custody.

The statute provides for the punishment of the above-named offense thus:

"If any man and woman, not being married to each other, shall lewdly and lasciviously associate and cohabit together, * * * every such person shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars." 3 Comp. Laws, § 11693.

The statute which provides in what cases persons may be sentenced to State prisons for an offense is as follows:

"Courts of criminal jurisdiction may sentence to the State house of correction and reformatory at Ionia all male persons over fifteen years of age and not known to have been previously sentenced to a prison for felony, who shall be convicted of any crime except treason or murder in the first degree; and all male persons over fifteen years of age who shall be convicted of any misdemeanor, where the sentence for such crime or misdemeanor shall not be less than six months; and may sentence to the State prison at Jackson any person over the age of fifteen years, duly convicted of any crime punishable by imprisonment in said State prison as the courts shall deem best; and may sentence to the State house of correction and branch of the State prison in the Upper Peninsula all persons convicted as is or may be provided by law for sentencing prisoners to any of the other prisons in this State as the court shall in its discretion deem best." 1 Comp. Laws, § 2108.

The provision therein relating to the State prison at Jackson—"and may sentence to the State prison at Jackson any person over the age of fifteen years duly convicted of any crime punishable by imprisonment in said State prison as the courts shall deem best"—does not authorize the sentence in this case, and there is no other authority therefor. This statute empowers the court to sentence to the branch of the State prison at Marquette a person convicted of such an offense as the one now before this court. *People* v. *Smith*, 107 Mich. 584. By this case it was decided that the provision in section 29, Act No. 118 of the Public Acts of 1893 (section 2108, above quoted), relating

to imprisonment at Marquette, amends by implication a provision of a previous statute providing for imprisonment only in a county jail. This because of the very plain inconsistency between the provisions in those two statutes. And this inconsistency was very apparent, as section 29 provides for a sentence to Marquette of "all persons convicted as is or may be provided by law for sentencing prisoners to any of the other prisons in this State." And if, under the first provision in this act, a person might be sentenced to Ionia, as in this case, he might, therefore, be sent to Marquette. But this would not authorize an imprisonment in Jackson for the same offense. That part of the above act providing for a sentence to the State prison at Jackson of all persons "duly convicted of any crime punishable by imprisonment in said State prison" is not inconsistent with any previous statute providing for punishment in county jail only. For this reason the provision in section 11693 providing for imprisonment in the county jail is not inconsistent with the provision in section 2108 providing imprisonment in Jackson.

The sentence being wholly void, habeas corpus is an appropriate remedy. *Hamilton's Case*, 51 Mich. 174; *In re Silverthorn*, 73 Mich. 644.

The petitioner is discharged.

MOORE, C. J., and CARPENTER, McALVAY, and HOOKER, JJ., concurred.