*In re* BOLDEN.

1. CRIMINAL LAW—SENTENCE.
     A respondent convicted of lewd and lascivious cohabitation within 3 Comp. Laws, § 11693, providing for imprisonment in the county jail for not more than one year, or a fine not exceeding $500, is not subject to 3 Comp. Laws, § 11785, imposing an additional term of imprisonment in the State prison for subsequent offenses in the case of persons duly sentenced to one year or more therein.

2. SAME—HABEAS CORPUS—DISCHARGE.
     A prisoner sentenced to two and one-half years in the State prison under such statutes is entitled to release on habeas corpus.

Habeas corpus proceedings by John Bolden to procure his discharge from the State prison at Jackson. Submitted December 30, 1909. (Calendar No. 23,799.) Petitioner discharged February 3, 1910.

*John Bolden, in pro. per.*

*John E. Bird*, Attorney General, and *George S. Law*, Assistant Attorney General, for respondent Warden.

MOORE, J. The petitioner was convicted of violating the following statute:

" If any man and woman, not being married to each other, shall lewdly and lasciviously associate and cohabit together, or if any man or woman, married or unmarried, shall be guilty of open and gross lewdness and lascivious behavior, or shall designedly make open and indecent or obscene exposure of his or her person, or of the person of another, every such person shall be punished by imprisonment in the county jail, not more than one year, or by fine not exceeding five hundred dollars." Section 11693, 3 Comp. Laws.

He was also indicted under section 11785, 3 Comp. Laws, which reads:

"When any person shall be convicted of any offense, and shall be duly sentenced therefor to confinement in the State prison of this State, for one year or more, and it shall be alleged in the indictment on which such conviction is had, and admitted or proved on the trial, that the convict has before been sentenced to a like punishment by any court in this State, or in any other of the United States, for a period not less than one year, he shall be sentenced to be punished by imprisonment in the State prison not more than seven years in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

The petitioner was on the 30th day of September, 1905, sentenced to be confined in the State prison at Jackson, for a period of not less than two years and six months, and not more than eight years from and including the 30th day of September, 1905, where he has since been and now is confined. This is a proceeding by habeas corpus to determine the validity of the sentence imposed upon the petitioner. The petitioner claims that for the offense which he committed and was convicted he could not be sentenced for any period to the State prison. The statute which provides in what cases persons may be sentenced to the State prison is section 2108, 1 Comp. Laws, and is as follows:

"Courts of criminal jurisdiction may sentence to the State house of correction and reformatory at Ionia all male persons over fifteen years of age and not known to have been previously sentenced to a prison for felony, who shall be convicted of any crime except treason or murder in the first degree; and all male persons over fifteen years of age who shall be convicted of any misdemeanor, where the sentence for such crime or misdemeanor shall not be less than six months; and may sentence to the State prison at Jackson any person over the age of fifteen years, duly convicted of any crime punishable by imprisonment in said State prison, as the courts shall deem best; and may sentence to the State house of correction and branch of the State prison in the Upper Peninsula all persons convicted as is or may be provided by law for sentencing prisoners to any of the other prisons in this State, as the court shall in its discretion deem best."

These provisions do not authorize a sentence to the State prison at Jackson of one convicted of an offense against the provisions of section 11693, 3 Comp. Laws. *In re Allen*, 139 Mich. 712 (103 N. W. 209). In this case it was held:

"That on conviction of lewd and lascivious cohabitation (section 11693), an offense for which the imprisonment provided is, 'imprisonment in the county jail not more than one year or fine not exceeding five hundred dollars,' the offender may be sentenced to the State house of correction at Ionia, or to the branch prison at Marquette, but not to the State prison at Jackson."

On the part of the people it is said:

"The Michigan reformatory is clearly a State prison within the meaning of this statute. It is governed by the general revision of the laws applicable to the Michigan State prison at Jackson, the Upper Peninsula prison at Marquette, and the Michigan reformatory. If the court in this case had imposed a sentence of one year to the Michigan reformatory, or to the Upper Peninsula prison, upon conviction of the offense of indecent exposure, it is clear that the court would have had authority under this section to impose an additional sentence of not more than seven years by reason of the previous conviction for the same offense."

It is also said that petitioner should not be discharged, but should be remanded for a legal sentence under *People* v. *Farrell*, 146 Mich. 264 (109 N. W. 440), and *In re Vitali*, 153 Mich. 514 (116 N. W. 1066, 126 Am. St. Rep. 535). The trouble with this contention is that the additional sentence authorized by section 11785, 3 Comp. Laws, may be imposed only in cases where one shall be duly sentenced in the State prison of this State, for one year or more, while in this case the sentence for the original offense must be not more than one year, and could not be in the State prison at all. It follows the petitioner must be discharged.

It is so ordered.

MONTGOMERY, C. J., and McALVAY, BROOKE, and BLAIR, JJ., concurred.