*In re* SMITH.

1. CRIMINAL LAW—COMMITMENT—LIFE TERM—RECOMMENDATION OF JUDGE SURPLUSAGE.

Under a sentence that the accused be confined in prison for a maximum period of his natural life and a minimum period of ten years, the court recommending ten years as a reasonable maximum, the order should be construed as fixing a maximum sentence at life, and the recommendation of a sentence of ten years should be treated as surplusage, except as it might be considered by the pardoning power.

2. SAME—LIFE TERM—INDETERMINATE SENTENCE LAW NOT APPLICABLE.

In the case of a sentence for life the indeterminate sentence law (3 Comp. Laws 1915, § 15859 *et seq.*) is not applicable.

Habeas corpus proceedings by Charles Smith to obtain his release from imprisonment in the State prison at Jackson. Submitted October 12, 1920. (Calendar No. 29,419.) Writ denied October 22, 1920.

*Simpson & McKone* (*Leland S. Bisbee,* of counsel), for plaintiff.

*Alex. J. Groesbeck,* Attorney General, and *Clare Retan,* Assistant Attorney General, for defendant.

PER CURIAM. Petitioner was convicted in the Mason circuit court of the crime of rape. On October 11, 1912, sentence was imposed in the following language:

"That the said Charles Smith be confined in the State prison at Jackson at hard labor for a maximum period of his natural life and a minimum period of ten years from and including this day, and recommends ten years as a reasonable maximum sentence from and including this day."

Petitioner has since been confined in the State prison at Jackson and institutes these proceedings to secure his release. It is admitted that he has earned all his good time under section 1732, 1 Comp. Laws 1915. It is the claim of his counsel that the sentence is one under the indeterminate sentence law (3 Comp. Laws 1915, § 15859 *et seq.*) for a maximum of 10 years, and that computing such good time it expired May 7, 1920, and petitioner is now entitled to be discharged upon this writ. It is insisted by the attorney general on behalf of the warden that the sentence is one for life to which the indeterminate sentence law is not applicable, and that the recommendation of a maximum sentence of 10 years is no part of the sentence and should be disregarded by the court.

Section 15211, 3 Comp. Laws 1915, provides:

"If any person shall ravish and carnally know any female of the age of sixteen years, or more, by force and against her will, or shall unlawfully and carnally know and abuse any female under the full age of sixteen years, he shall be punished by imprisonment in the State prison for life, or for any such period as the court in its discretion shall direct." * * *

Under this section the sentence may, in the discretion of the trial judge, be for life or for any term of years. If the sentence be for life the indeterminate sentence law is not applicable. *People* v. *Vitali,* 156 Mich. 370; *People* v. *Dumas,* 161 Mich. 45; *People* v. *Blake,* 157 Mich. 533.

In *Re Hamilton,* 188 Mich. 499, the sentence was in the following language:

"That the said George E. Hamilton be confined in the State house of correction and branch of the State prison in the Upper Peninsula, Marquette, Mich., at hard labor, for a period of not less than ten years from and including this day, and the judge thereupon did recommend and state that, in his judgment, the proper maximum penalty would be the term of his natural life as fixed by the statute."

Considering this sentence, we there held:

"It is therefore manifest that, if in the case at bar the sentence had been for the life of petitioner, it would have been a good sentence in law, and we are confronted with the question: Was it the judgment of the court, as shown by its record, that petitioner be imprisoned for life? To this question I think but one reasonable answer can be given. We cannot hold the recommendation of the court as the sentence, and ignore the positive language of the judgment fixing a period of imprisonment of not less than ten years."

The effect of our holding in the *Hamilton Case* was that where the maximum sentence was fixed at the period of 10 years the recommendation (in that case of a life sentence) should be treated as surplusage except as it might be considered by the pardoning power. Here we have the converse of that case. The maximum sentence is here fixed at life. By a parity of reasoning we are constrained to hold that the recommendation of a sentence for a term of years should be treated as surplusage except as it may be considered by the pardoning power. The return of the warden shows that the governor of the State has commuted petitioner's sentence, so that he is now eligible for parole. He is not entitled to discharge as matter of law.

The writ must be dismissed.