PEOPLE v. PARSON.

CRIMINAL LAW—ROBBERY ARMED—SENTENCE—SURPLUSAGE.

A life sentence for crime of robbery armed constitutes a valid sentence and an additional phrase "and a minimum period of 15 years" is surplusage and does not render invalid the valid portion.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted April 12, 1956. (Docket No. 63, Calendar No. 46,734.) Decided May 14, 1956. Rehearing denied June 28, 1956.

Willis Parson pleaded guilty to robbery armed and received a life sentence. On delayed motion to correct a sentence claimed invalid, successor judge set

REFERENCES FOR POINTS IN HEADNOTES
15 Am Jur, Criminal Law § 459 *et seq.*

aside original sentence and resentenced defendant to term of years. Plaintiff appeals. Reversed and remanded.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *John H. Spelman,* Prosecuting Attorney, for the people.

*Small, Zick & Shaffer (Robert P. Small,* of counsel), for defendant.

BLACK, J. Appellee, duly convicted in the Berrien circuit of the crime of robbery armed, was sentenced April 27, 1953. The sentence was imposed by the late Circuit Judge Edward A. Westin, and it reads in entirety as follows:

"Willis Parson the respondent in this cause, having upon his plea of guilty to the information filed against him in this court, been convicted of the crime of robbery armed as appears by the record thereof; and the court before pronouncing sentence upon such plea, being satisfied after such investigation as was deemed necessary for that purpose, respecting the nature of the case and the circumstances of such plea, that the same was made freely and with full knowledge of the nature of said accusation and without any undue influence; and, having been on motion of the prosecuting attorney brought to the bar of the court for sentence, and having there been asked by the court if he had anything to say why sentence should not be pronounced against him, and alleging no reason to the contrary; therefore it is ordered and adjudged by the court now here, that the said Willis Parson be confined in the State prison of southern Michigan for a maximum period of life, and a minimum period of 15 years, and 0 months, and the court recommends —— years and —— months as a reasonable maximum sentence, from and including this day."

September 30, 1955, Circuit Judge Philip A. Hadsell, of the same circuit, entered an order adjudging invalidity of Judge Westin's sentence. The order reads:

"Respondent's motion for leave to file a delayed motion for resentence because of an invalid sentence and respondent's motion for resentence because of an invalid sentence having been filed and come on in due course to be heard.

"Respondent's motion for leave to file a delayed motion is hereby granted, and,

"Respondent's motion for resentence because of an invalid sentence having come on in due course to be heard, present the respondent in proper person and the people of the State of Michigan by the prosecuting attorney for Berrien county, John H. Spelman, said prosecuting attorney having interposed his objections to the granting of said motion and the court being duly advised in the premises.

"It is hereby found that respondent's sentence heretofore entered in this court on April 27, 1953, that respondent be confined in the State prison of southern Michigan for a minimum period of 15 years and a maximum period of life is invalid.

"It is hereby ordered, that said sentence be and said sentence hereby is set aside, and,

"It is further ordered, that respondent Willis Parson be resentenced."

Appellee was thereupon resentenced by Judge Hadsell to a minimum term of 15 years and a maximum term of 20 years.

The people duly applied for leave to appeal from the last-quoted order. January 6th, and with particular view toward *Elliott* v. *Corrections Department,* 343 Mich 681, we granted the application. The *Elliott Case,* it will be noted, applies and renders certain with respect to similarly worded sentences the rule of *In re Smith,* 212 Mich 78.

Judge Westin lawfully imposed a life sentence on appellee. Having done so the quoted additional words of his sentence must under the rule of *Elliott* and *Smith* be regarded as surplusage, of concern and interest only to the executive department. We accordingly hold that the judgment of April 27, 1953, constituted a valid life sentence and that there was no occasion or authority for correction thereof.

The *Elliott Case* settled considerable uncertainty in our circuit courts as to interpretation and validity of similarly worded sentences in felony cases requiring severe punishment. It is fair to observe that, prior to report of the *Elliott Case,* several circuit judges of this State (one being the writer) held to the same view as is recorded in Judge Hadsell's quoted order. However, the intervening and carefully considered opinion in *Elliott's Case* being now of record, we of such former thought should and will cheerfully conform thereto.

The order and new sentence of September 30, 1955, are set aside and the sentence of April 27, 1953, is declared to be fully effective.

Reversed and remanded.

SHARPE, SMITH, BOYLES, KELLY, and CARR, JJ., concurred with BLACK, J.

DETHMERS, C. J., concurred in the result.

The late Justice REID did not sit.