*In re* LEMIRE.

1. CRIMINAL LAW—COMMITMENT—PRISONS—COUNTY JAIL—HOUSE OF CORRECTION.

Commitment of persons convicted of crime to serve a maximum term of 1 year or less may not be made to the State prison, but only to the county jail or to the Detroit House of Correction (CLS 1956, § 769.28).

2. SAME—UNLAWFUL SENTENCE—CORRECTION.

The imposition of an unlawful sentence by a sentencing judge does not so exhaust his power to sentence as to preclude his correction measure by the impositon of a valid sentence.

Original habeas corpus by William T. Lemire, with ancillary writ of certiorari to St. Clair circuit judge to declare void a sentence imposed for violation of liquor law. Submitted May 17, 1960. (Calendar No. 48,673.) Writ dismissed September 15, 1960.

*Roland F. Highstreet,* for petitioner.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Richard J. Schonk,* Prosecuting Attorney, for the people.

DETHMERS, C. J. Defendant was convicted in circuit court of selling intoxicating beverages without a license. The court, intending to follow CL 1948, § 436.50 (Stat Ann 1957 Rev § 18.1021), which pre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Criminal Law § 462.
[2] 15 Am Jur, Criminal Law § 463.

scribes the punishment therefor, sentenced defendant to serve 11 months to 1 year in the State Prison for Southern Michigan, township of Blackman, county of Jackson. Under CLS 1956, § 769.28 (Stat Ann 1959 Cum Supp § 28.1097[1]), commitment for such duration may not be made to that prison, but only to county jail or the Detroit House of Correction. Four days after sentence the sheriff took defendant from county jail to the prison, where the warden declined to accept his custody because of the latter statutory provision. One week later the circuit judge corrected his docket entry and when it was thereafter entered in the journal both showed the sentence to be for the same period as originally imposed, to be served, however, in the Detroit House of Correction. He is now confined there.

Defendant brings habeas corpus to accomplish his release and discharge on the ground that the original sentence was void. His contention is that the original sentence, because it was void, left his confinement thereunder unlawful. At the same time he urges that, while ineffective to authorize his confinement, the original sentence was the product of the exercise of the judge's sentencing power and that it was, therefore, effective to exhaust that power so that the judge might not again exercise it to correct the sentence, citing *People* v. *Meservey,* 76 Mich 223. That case held to that effect with respect to a sentence valid in the first instance, but is no authority for defendant's proposition that the original sentence was simultaneously both void for one purpose and effective for another. This, like in *In re Allison,* 322 Mich 491, amounts to blowing hot and cold at the same time and will not be countenanced.

Defendant's reliance for the proposition that the original sentence was void, that the court might not correct it, and that he is entitled to his discharge, is placed on *In re Bolden,* 159 Mich 629, in which this

Court declined to permit an additional sentence under the habitual criminal act to be accomplished by remand and correction of the original sentence, as the people urged, because the additional sentence would not have been applicable or permissible under the statute, *In re Allen,* 139 Mich 712, and *In re Silverthorn,* 73 Mich 644, in which remand for corrected sentence was not sought or considered, and dicta in *Hamilton's Case,* 51 Mich 174, in which habeas corpus was denied. Obviously these cases afford scant comfort for defendant, for the reasons indicated, and all the more so because in each of them the defendants were confined under the original unlawful sentences and in each the question went to their right to be discharged therefrom. Here, in contrast, defendant is confined under a valid corrected sentence, presenting an entirely different question. That the sentencing court might make the correction, *nunc pro tunc,* and that defendant is not entitled to discharge from confinement thereunder is abundantly clear from *In re Weir,* 342 Mich 96; *In re Allison,* 322 Mich 491; *In re Vitali,* 153 Mich 514 (126 Am St Rep 535); *In re Richards,* 150 Mich 421; *People v. Farrell,* 146 Mich 264; *People v. Dane,* 81 Mich 36.

Other questions raised are without merit and need not be discussed.

Writ dismissed.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.