## PEOPLE v UPSHAW

Docket No. 78-2900. Submitted May 3, 1979, at Detroit.—Decided July 26, 1979.

On March 3, 1977, defendant, Randall P. Upshaw, was convicted, on his plea of guilty, of unarmed robbery. At the time of the commission of the crime defendant was a minor. In May, 1978, defendant moved the Recorder's Court of Detroit to dismiss his case and expunge his record. A visiting judge, David E. Wilson, granted defendant's motion. The people appeal. *Held:*

There are only two procedures by which a criminal record may be expunged: 1) under a youthful offender statute where a trial court may set aside a conviction of a person who at least five years previously had pled guilty to a single offense which occurred before his 21st birthday; and, 2) under a statutory provision where a new trial may be ordered when it shall appear to the court that justice has not been done and where a dismissal follows the order of a new trial. Since defendant qualifies under neither method his record may not be expunged.

Remanded with instructions.

CRIMINAL LAW — CRIMINAL RECORD — EXPUNGEMENT OF CRIMINAL RECORD — INFANTS.

There are only two procedures by which a criminal record may be expunged: 1) under a youthful offender statute where a trial court may set aside a conviction of a person who, at least five years previously, had pled guilty to a single offense which occurred before his 21st birthday; and, 2) under a statutory provision where a new trial may be ordered when it shall appear to the court that justice has not been done and where a dismissal follows the order of a new trial; a trial court cannot expunge a criminal trial record except by one of these two statutory methods (MCL 780.621, 770.1; MSA 28.1274[101], 28.1098).

REFERENCES FOR POINTS IN HEADNOTE

47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 59.

Expungement of Juvenile Court records. 71 ALR3d 753.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

Before: J. H. GILLIS, P.J., and BEASLEY and R. B. WEBSTER,* JJ.

PER CURIAM. This is an appeal by the plaintiff from a visiting Detroit Recorder's Court Judge's order granting defendant's motion to dismiss his case and expunge his record.

The defendant was charged with two counts of armed robbery, MCL 750.529; MSA 28.797, on October 9, 1976. He pled guilty to unarmed robbery, MCL 750.530; MSA 28.798, on March 3, 1977, and was sentenced to one year's probation and assessed $100 restitution. In May, 1978, defendant brought a motion to dismiss the case and expunge his record.

There are two procedures by which a criminal record may be expunged. Under the youthful offender act, a trial court may set aside a conviction of a person who has pled guilty to a single offense which occurred before his 21st birthday. MCL 780.621; MSA 28.1274(101). The defendant was 17 at the time of the offense. However, the statute requires that a motion to set aside a conviction "shall not be made until the expiration of 5 years from the time of the entry of the · guilty plea * * *." The defendant was convicted on March 3, 1977. The motion was filed in May, 1978. Since five years had not elapsed since the time of the offense, the statute cannot be employed here.

The second procedure involves the granting of a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

new trial followed by a dismissal of the case. Under MCL 770.1; MSA 28.1098, a trial court can grant a new trial "for any cause for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done * * *." In *People v McQuillan,* 392 Mich 511; 221 NW2d 569 (1974), the Court noted that the underlying policy behind the trial court's power to consider motions for new trial was the desire "to reform erroneous judgments and/or orders". *Id.,* 522. There is no allegation in the record or in the defendant's motion that the trial court erred in the original proceedings.

A trial court cannot accomplish indirectly what it cannot do directly. *People v John Williams,* 65 Mich App 531, 534; 237 NW2d 545 (1975). There is no statutory authority for expunging the defendant's record. There is no allegation of any error requiring a new trial. The fact that the defendant may be handicapped by his record is unfortunate, but does not present sufficient reason for this Court to create a method for expunging his record.

This case is remanded to the trial court so that it may vacate its order, reinstate the defendant's conviction and order defendant's fingerprints, arrest card and description in the subject causes to be refiled.