## PEOPLE v AUGUSTUS JONES

Docket No. 78-2723. Submitted November 6, 1979, at Detroit.—Decided December 10, 1979.

Defendant, Augustus Jones, was convicted of possession of an unregistered gun in 1966. In 1977 defendant moved the court to set aside his conviction by way of a new trial and for a dismissal of the charge because he had not been involved in any criminal activity in the interim and his conviction hindered him in obtaining employment. The Recorder's Court of Detroit, George W. Crockett, III, J., granted defendant's motion. The people appeal. *Held:*

A new trial may be granted only for certain legally cognizable reasons. Defendant asserts no such reasons. A statute authorizing a new trial where "it shall appear to the court that justice has not been done" is to be construed as limited to circumstances where the defendant has been denied a fair trial. That was not the allegation here. Further, a court has authority to dismiss charges over prosecutorial objection only where permitted by statute or where there is an insufficiency of evidence. Neither applies here.

Reversed and remanded with instructions.

1. CRIMINAL LAW — NEW TRIAL.

   A new trial may be granted only for certain legally cognizable reasons; assertions by a criminal defendant that he had not been involved in any criminal activity for 11 years and that he was not able to obtain suitable employment because of his prior record are not bases for a new trial.

2. CRIMINAL LAW — NEW TRIAL — STATUTES.

   A statute authorizing a new trial where "it shall appear to the court that justice has not been done" is to be construed as limited to circumstances where the defendant has been denied a fair trial (MCL 770.1; MSA 28.1098).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 29 *et seq.*
[2] 58 Am Jur 2d, New Trial § 31.
[3] 21 Am Jur 2d, Criminal Law § 517.

3. CRIMINAL LAW — CRIMINAL CHARGES — DISMISSAL.
   A court has authority to dismiss charges over prosecutorial objection only where permitted by statute or where there is an insufficiency of evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

Before: BASHARA, P.J., and J. H. GILLIS and W. VANVALKENBURG,* JJ.

PER CURIAM. The people appeal from a December 27, 1977, order of the Detroit Recorder's Court, granting defendant's motion for new trial and a dismissal of the charge.

Between 1948 and 1966, the defendant compiled a criminal record of nine convictions. One of those convictions was for possession of an unregistered pistol, MCL 750.228; MSA 28.425. The remaining convictions related to misdemeanor gambling offenses.

In 1977, the defendant moved to set aside these convictions by way of new trials and dismissal of the charges. The defendant alleged that he sought expungement of the convictions because he was being hindered in obtaining employment. The lower court granted the defendant's motions ordering the nine convictions set aside and the underlying charges dismissed. The people appeal in the case of the unregistered gun.

The power of a court to dismiss or expunge is specifically spelled out in MCL 780.621; MSA 28.1274(101). Two of the prerequisites to the invocation of the statute are that the defendant may

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

have but one conviction and the offense underlying that conviction must have been committed prior to the defendant's 21st birthday. Here, the defendant was convicted of nine offenses subsequent to attaining 21 years of age. Accordingly, the subject statute will not support the lower court's action.

The question becomes whether the conviction could properly be set aside by the grant of a motion for a new trial and a dismissal of the charge. The answer is that it could not.

A new trial may be granted only for certain legally cognizable reasons, GCR 1963, 527, *Haidy v Szandzik,* 46 Mich App 552; 208 NW2d 559 (1973). The defendant did not assert any of these reasons as bases for obtaining a new trial. Rather, he merely alleged that he had not been involved in any criminal activity since 1966 and that he was unable to obtain suitable employment due to his prior record. Such facts are extraneous to a motion for a new trial.

Furthermore, although MCL 770.1; MSA 28.1098, authorizes a trial court to grant a new trial when "it shall appear to the court that justice has not been done", the statute has been construed as limited to those circumstances where the defendant has been denied a fair trial. See *People v Upshaw,* 91 Mich App 492; 283 NW2d 778 (1979). The defendant has not alleged that he was denied a fair trial. The grant of a new trial was erroneous. A trial court cannot accomplish indirectly, by granting a new trial pursuant to MCL 770.1, what it cannot accomplish directly. *People v John Williams,* 65 Mich App 531; 237 NW2d 545 (1975).

We note that even had the new trial been properly granted, the dismissal of the underlying charge was erroneous. Only when permitted by

statute or when there is an insufficiency of evidence does the court have the authority to dismiss over prosecutorial objection. *People v Morris,* 77 Mich App 561, 563; 258 NW2d 559 (1977). Neither condition exists here.

The trial court's order granting defendant's motion for a new trial and dismissing the charge is reversed. Remanded with instructions that the lower court reinstate the defendant's conviction.