PEOPLE v YONO

Docket No. 50549. Submitted October 16, 1980, at Detroit.—Decided
    December 19, 1980.

Masoud Asso Yono was convicted by a jury in Detroit Recorder's
    Court of conspiracy to burn real property and of conspiracy to
    burn insured property. Defendant filed a motion for judgment
    of acquittal notwithstanding the verdict, alleging insufficiency
    of evidence produced at trial. The motion was denied and
    defendant was sentenced to three years probation and ordered
    to make restitution of $32,380.84, Michael J. Connor, J. Defen-
    dant filed a motion for a new trial or, in the alternative, for a
    judgment of acquittal notwithstanding the verdict based on
    allegations of insufficient evidence. This motion was denied
    also. Defendant then filed another motion for a new trial,
    stating that restitution of $22,400 had been made, that defen-
    dant had never been convicted of any crime prior to or since
    his conviction, that defendant had tremendous business oppor-
    tunities available to him, and that no one had been hurt during
    the crime. Defendant asked the trial court to exercise its
    discretion and grant a new trial. The court, over objections by
    the prosecutor, granted the motion, stating that a new trial
    would best serve the interests of justice. An order was entered
    for the return of defendant's fingerprints, arrest card and
    description. The Court of Appeals, by order certified on June 4,
    1980, granted the prosecutor's delayed application for leave to
    appeal. On appeal, the issue is whether the trial court erred by
    granting the motion for a new trial and in expunging defen-
    dant's conviction for the reason that justice had been done.
    *Held:*

    1. A new trial may be granted only for certain legally
    cognizable reasons. The statute which authorizes a trial court
    to grant a new trial has been construed to apply only where a
    defendant has been denied a fair trial. The grant of a new trial

References for Points in Headnotes

[1] 58 Am Jur 2d, New Trial §§ 29-31.
[2] 5 Am Jur 2d, Appeal and Error §§ 850-852.
    58 Am Jur 2d, New Trial § 13.
[3] 5 Am Jur 2d, Arson and Related Offenses § 31.

under this statute as an indirect means of expunging a defendant's criminal record is reversible error.

2. The Court of Appeals has previously held that a defendant's convictions on these two counts violate double jeopardy where the convictions arise from a single criminal act. As such, the proper remedy would be to vacate defendant's conviction for conspiracy to burn real property, not to grant a new trial. The case is remanded so that the trial court may vacate its order granting the new trial, reinstate the conviction of conspiracy to burn insured property, and vacate the conviction of conspiracy to burn real property. The court shall order that defendant's fingerprints, arrest card and description be refiled.

Reversed and remanded.

1. CRIMINAL LAW — NEW TRIAL — DENIAL OF FAIR TRIAL — STATUTES.

A new trial may be granted only for certain legally cognizable reasons and, although a statute authorizes a trial court to grant a new trial when it shall appear to the court that justice has not been done, the statute has been construed as being limited to those circumstances where the defendant has been denied a fair trial (MCL 770.1; MSA 28.1098).

2. CRIMINAL LAW — NEW TRIAL — LIMITATION OF NEW TRIALS — EXPUNGEMENT — REVERSIBLE ERROR — STATUTES.

A trial court cannot accomplish indirectly by granting a new trial pursuant to statute what it cannot accomplish directly; the grant of a new trial as an indirect means of expunging a defendant's criminal record is reversible error (MCL 770.1; MSA 28.1098).

3. ARSON — CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — BURNING REAL PROPERTY — BURNING INSURED PROPERTY.

Convictions of conspiracy to burn real property and conspiracy to burn insured property, arising out of a single criminal act, violate a defendant's right not to be placed in double jeopardy; the proper remedy in such a situation is to vacate the conviction for the lesser offense of conspiracy to burn real property.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.* (by *Saunders V. Dorsey),* for defendant on appeal.

Before: Bronson, P.J., and D. E. Holbrook, Jr., and R. M. Ransom,* JJ.

Per Curiam. On September 23, 1977, defendant and his brother, codefendant Jamil Asso Yousik Yono, were convicted by a jury of conspiracy to burn real property, MCL 750.73, 750.157a; MSA 28.268, 28.354(1), and conspiracy to burn insured property, MCL 750.75, 750.157a; MSA 28.270, 28.354(1).

On October 3, 1977, defendant filed a motion with the trial court for judgment of acquittal notwithstanding the jury's verdict. The motion and memorandum of law in support thereof were founded upon the alleged insufficiency of evidence produced at trial against defendant. While the record does not indicate the disposition of this motion, on November 21, 1977, the trial judge sentenced defendant to three years probation and ordered him to make restitution of $32,380.84.

On or about July 10, 1978, defendant filed a motion for a new trial or, in the alternative, for a judgment of acquittal notwithstanding the verdict. The motion and brief in support thereof were again premised on the alleged legal insufficiency of evidence presented at defendant's trial. On August 17, 1978, the court denied defendant's motion.

On or about June 7, 1979, defendant filed another motion for new trial. In this motion, defendant stated, *inter alia,* that restitution had been made of $22,500; that defendant had never been convicted of any crime prior to or since this conviction; that defendant had tremendous business

* Circuit judge, sitting on the Court of Appeals by assignment.

opportunities available to him; and that no one had been hurt during the crime. This motion was notable for the fact that it did not allege any error in the original proceeding. Rather, defendant requested the trial court to exercise its discretion to grant a new trial on the basis of MCL 770.1; MSA 28.1098. This statute authorizes a trial court to grant a new trial when "it shall appear to the court that justice has not been done".

On June 20, 1979, over the prosecutor's objection, the trial court granted defendant's motion for a new trial. The prosecutor's objections were that, under the guise of a motion for a new trial and in circumvention of the statutory provisions, the defendant was being given an expungement of the underlying conviction. In response, the trial court candidly stated:

"In addition to that fact, there's a common everyday occurrence in this Court and others on this bench that after a review by the Probation Department, new trials are granted, and you are right, the purpose for that is really to expunge a record, as opposed to anything else, or acting under the guise of granting a new trial, when in reality they are clearing records so that people can go on and be viable members of this community.

"He has been one. He has a chance for advancement. It is to his benefit, the community's and the Court's that he be given an expungement.

"We have the parole boards and the courts, under each instance to maintain the letter of the law. Oftentimes we would not be complying with the spirit of the law and a great deal of injustice would be done. This is one of those situations.

"I feel that in the case of Masoud Yono; I have granted a new trial."

The court, in its order granting defendant a new trial, gave the following reasons:

"A. The Court believes that a new trial for this [d]efendant will best serve the interests of justice.

"B. The Court notes that restitution has been made in full and that all injured parties have been made whole.

"C. That the trial transcript and the record in the above entitled matter are sparse with respect to inculpatory testimony as it relates to Masoud Asso Yono.

"D. That according to the decision of *People v Hanna,* 85 Mich App 516, the verdicts rendered against the [d]efendant, Masoud Asso Yono, are inconsistent.

"E. That the [d]efendant's performance on probation has been exemplary and no useful purpose would be served by continuing him on probation in this matter." (Order Granting Defendant New Trial dated June 20, 1979.)

Thereafter, an order was entered for the return of defendant's fingerprints, arrest card and description.

The prosecutor is now before this Court by leave granted. We reverse.

A new trial may be granted only for certain legally cognizable reasons. *Haidy v Szandzik,* 46 Mich App 552; 208 NW2d 559 (1973), *People v Augustus Jones,* 94 Mich App 516; 288 NW2d 411 (1979). Although MCL 770.1; MSA 28.1098 authorizes a trial court to grant a new trial when "it shall appear to the court that justice has not been done", the statute has been construed as limited to those circumstances where the defendant has been denied a fair trial. *People v Upshaw,* 91 Mich App 492; 283 NW2d 778 (1979), *People v Augustus Jones, supra.* A trial court cannot accomplish indirectly, by granting a new trial pursuant to MCL 770.1; MSA 28.1098, what it cannot accomplish directly. *People v John Williams,* 65 Mich App 531; 237 NW2d 545 (1975), *People v Augustus*

*Jones, supra.* The grant of a new trial under MCL 770.1; MSA 28.1098 as an indirect means of expunging a defendant's criminal record is reversible error. *People v Upshaw, supra, People v Augustus Jones, supra.*

Under applicable law, the reasons set forth in factors A, B and E above were insufficient grounds for the trial court's granting a new trial. None of these reasons are legally cognizable ones. *Benmark v Steffen,* 9 Mich App 416; 157 NW2d 468 (1968), *People v Augustus Jones, supra.* They were not supported by the grounds for a new trial set forth in GCR 1963, 527 or 528.3(1)-(5). Moreover, the language of MCL 770.1; MSA 28.1098 authorizing a trial court to grant a new trial upon a finding that "justice has not been done" has been construed as being limited to those circumtances where the defendant has been denied a fair trial in the original proceeding. *People v Augustus Jones, supra, People v Upshaw, supra.* There were no allegations in support of reasons A, B and E even suggesting that defendant was deprived of a "fair trial" in the original proceeding.

The reason set forth in factor D was that the verdicts were inconsistent according to the decision of *People v Hanna,* 85 Mich App 516; 271 NW2d 299 (1978). Defendant was found guilty of both conspiracy to burn real property and conspiracy to burn insured property. The trial court was in error in stating that such verdicts were "inconsistent". However, *People v Hanna, supra,* does state that convictions on these two counts violate "double jeopardy". However, assuming, *arguendo,* that the trial court was cognizant of the holding in *People v Hanna,* it was incorrect as to the proper remedy. The proper remedy would have been to vacate defendant's conviction for conspiracy to

burn real property, not to grant a new trial. *People v Hanna, supra,* 526.

The remaining reason assigned by the trial court was factor C: *i.e.,* the trial transcript and record were sparse with respect to inculpatory testimony as to defendant. The defendant, on appeal, urges this Court to find that this language should be construed as an indication that the trial court found that the evidence was legally insufficient. This was not what the trial court stated. It used the word "sparse", not "legally insufficient". Moreover, it is difficult to believe that the trial court found the evidence to be "legally insufficient" at this point in time when it had previously found the evidence to be sufficient.

Hence, it must be concluded that the trial court exercised its discretion to grant a new trial as a means of expunging defendant's conviction. There was no statutory authority for the trial court to do so. Defendant was an adult at the time of the offense and, hence, the youthful offender's act was not applicable. MCL 780.621; MSA 28.1274(101). The trial court was not authorized to accomplish indirectly, by granting a new trial, what it could not accomplish directly. Moreover, *People v Upshaw, supra,* and *People v Augustus Jones, supra,* specifically prohibit the trial court from using a new trial as a vehicle to expunge criminal records. In its effort to do so, the trial court committed reversible error.

We therefore remand to the trial court so that it may vacate its order granting defendant a new trial, reinstate defendant's conviction of conspiracy to burn insured property and vacate defendant's conviction of conspiracy to burn real property. Thereafter, the trial court shall order defendant's fingerprints, arrest card and description to be refiled.

Reversed and remanded.