WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 82255. Submitted October 8, 1985, at Detroit.—Decided December 12, 1985.

Mary A. Butler was convicted of felony murder, following a jury trial in the Recorder's Court of Detroit, and was sentenced to life in prison. The Court of Appeals affirmed Butler's conviction in an unpublished per curiam opinion, Docket No. 25180, decided August 10, 1976. The Supreme Court denied leave to appeal. *People v Butler*, 400 Mich 830 (1977). Butler then filed a delayed motion for a new trial which was denied by the trial court. The Court of Appeals, Docket No. 60999, decided January 22, 1982, and the Supreme Court, 417 Mich 879 (1983), both denied leave to appeal. Butler then filed a second delayed motion for new trial, raising a new issue: the failure of the trial court to instruct the jury on the possibility of convicting defendant of a lesser degree of murder. The trial court, George W. Crockett, III, J., in the exercise of its discretion, granted Butler's motion for a new trial. The Wayne County Prosecuting Attorney then filed an application for leave to appeal from that order. The Court of Appeals dismissed the prosecutor's application for lack of jurisdiction, Docket No. 73956, decided October 25, 1983. The Supreme Court then denied leave to appeal. 419 Mich 959 (1984). The Wayne County Prosecutor thereafter filed the instant complaint for an order of superintending control with the Court of Appeals. The complaint sought the reversal of the order granting Butler's delayed motion for a new trial. *Held:*

1. The provision of MCL 770.1, which allows a new trial

REFERENCES

Am Jur 2d, Appeal and Error §§ 850-852.

Am Jur 2d, Homicide §§ 525 *et seq., 541 et seq.*

Am Jur 2d, New trial §§ 29 *et seq.*

Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.

Double jeopardy as bar to retrial after grant of defendant's motion for mistrial. 98 ALR3d 997.

Subsequent trial, after stopping former trial to try accused for greater offense, as constituting double jeopardy. 6 ALR3d 905.

where "justice has not been done", has been construed to be limited in its application to those circumstances where the defendant has been denied a fair trial.

2. The trial court abused its discretion in granting Butler's motion for a new trial. A trial court cannot accomplish indirectly that which it cannot accomplish directly. The holding in *People v Jenkins,* 395 Mich 440 (1975), that in every case wherein the defendant is charged with first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder, is limited to prospective application to cases tried after January 1, 1976. The trial court erred in attempting to apply *Jenkins* retroactively. The failure to instruct on second-degree murder was not error, nor was Butler prejudiced by the omission of the instruction.

Order of superintending control granted. The order granting a new trial is vacated and the conviction is reinstated.

1. HOMICIDE — JURY — VERDICTS.

The jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, fix the degree of the offense (MCL 750.318; MSA 28.550).

2. HOMICIDE — FIRST-DEGREE MURDER — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

The trial court in every case tried after January 1, 1976, wherein the defendant is charged with first-degree murder, including felony murder, is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder.

3. NEW TRIAL — MISCARRIAGE OF JUSTICE — FAIR TRIAL.

A trial court may grant a new trial to a defendant for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done, and on the terms or conditions as the court directs; the provision which allows a new trial when justice has not been done is limited in its application to those circumstances where the defendant has been denied a fair trial (MCL 770.1; MSA 28.1098).

4. NEW TRIAL — APPEAL — MISCARRIAGE OF JUSTICE.

The decision to grant a new trial rests within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion; it is an abuse of discretion to grant a new trial on the ground of miscarriage of justice where there has been no showing of trial error (MCL 770.1; MSA 28.1098).

5. Appeal — Trial.

> A trial court cannot accomplish indirectly that which it cannot accomplish directly.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Clarence H. Ledwon,* for Mary A. Butler.

Before: R. M. Maher, P.J., and Wahls and Hood, JJ.

Per Curiam. This is an original proceeding by the Wayne County Prosecutor to obtain an order of superintending control. The prosecutor seeks reversal of a September 9, 1983, Recorder's Court of Detroit order which granted Mary Agnes Butler's delayed motion for new trial.

Following a 1975 jury trial, Butler was convicted of felony murder and sentenced to life in prison. In an unpublished per curiam opinion, this Court affirmed Butler's conviction. (Docket No. 25180, decided August 10, 1976). The Supreme Court denied leave to appeal. *People v Butler,* 400 Mich 830 (1977). Thereafter, Butler filed a delayed motion for new trial which was denied by the trial court. This Court then denied leave to appeal, (Docket No. 60999, decided January 22, 1982), as did the Supreme Court. 417 Mich 879 (1983).

Butler then filed a second delayed motion for new trial, raising a new issue: the failure of the trial court to instruct the jury on the possibility of convicting her of a lesser degree of murder. The motion relied on MCL 750.318; MSA 28.550, which directs that in all murder cases the jury shall fix

the degree of the offense.[1] In the exercise of its discretion, the trial court granted Butler's motion for new trial. The prosecutor then filed an application for leave to appeal. Relying on *People v Cooke,* 113 Mich App 272; 317 NW2d 594 (1982), *aff'd* 419 Mich 420; 355 NW2d 88 (1984), this Court dismissed the prosecutor's application for lack of jurisdiction.[2] (Docket No. 73956, decided October 25, 1983). The Supreme Court denied leave to appeal. 419 Mich 959 (1984).

Thereafter, on December 19, 1984, the prosecutor filed a complaint for superintending control with this Court, pursuant to GCR 1963, 711, now MCR 3.302, arguing that, by granting Butler's motion for new trial, the trial court acted in direct contravention of a Supreme Court mandate in *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), *reh den* 396 Mich 977 (1976). In *Jenkins,* p 442, the Supreme Court held that in every case tried after January 1, 1976, wherein the defendant is charged with first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder. The prosecutor agrues that, since Butler was tried and convicted of felony murder before *Jenkins* was decided, the trial court abused its discre-

---

[1] MCL 750.318; MSA 28.550 provides in part:

"The jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, ascertain in their verdict, whether it be murder of the first or second degree[.]"

[2] In the order dismissing the prosecutor's application for leave to appeal from the lower court's order granting the motion for new trial, this Court also stated that it found lack of merit in the grounds presented, citing *People v Rayford Johnson,* 391 Mich 834; 218 NW2d 378 (1974), *adhered to* 397 Mich 686; 246 NW2d 836 (1976). It is well settled, however, that a court which lacks jurisdiction cannot pass on the merits of the issues presented. *Fox v Board of Regents of the University of Michigan,* 375 Mich 238; 134 NW2d 146 (1965); *Meda v City of Howell,* 110 Mich App 179; 312 NW2d 202 (1981).

tion by granting Butler's delayed motion for new trial.

MCL 770.1; MSA 28.1098 provides:

"The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, *or when it appears to the court that justice has not been done,* and on the terms or conditions as the court directs." (Emphasis added.)

The decision to grant a new trial rests within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *People v Hayes,* 126 Mich App 721; 337 NW2d 905 (1983); *People v Gallagher,* 116 Mich App 283; 323 NW2d 366 (1982), *lv den* 414 Mich 936 (1982), *cert den* 459 US 1203; 103 S Ct 1189; 75 L Ed 2d 435 (1983).

Butler, the real party in interest, argues that the trial court did not grant a new trial on the basis of *Jenkins,* but rather, on the ground that "justice has not been done" because she did not receive a fair trial in light of the omission of a jury instruction on the lesser included offense of second-degree murder. *People v Rayford Johnson,* 391 Mich 834; 218 NW2d 378 (1974), *adhered to,* 397 Mich 686; 246 NW2d 836 (1976), is often cited for the proposition that the utmost discretion is extended to trial courts in granting new trials in criminal cases where "justice has not been done". However, the provision of MCL 770.1, which allows a new trial where justice has not been done, has been construed to be limited in its application to those circumstances where the defendant has been denied a fair trial. *People v Yono,* 103 Mich App 304; 303 NW2d 4 (1980), *lv den* 413 Mich 888 (1982); *People v Augustus Jones,* 94 Mich App 516; 288 NW2d 411 (1979); *People v Upshaw,* 91 Mich

App 492; 283 NW2d 778 (1979). It is an abuse of discretion to grant a new trial on the ground of miscarriage of justice where there has been no showing of trial error. *Gallagher, supra,* p 299.

It is well settled that a trial court cannot accomplish indirectly, by granting a new trial pursuant to MCL 770.1, that which is cannot accomplish directly. *Yono, supra; Augustus Jones, supra.* By granting Butler's motion for new trial under the guise that justice had not been done, the trial court attempted to accomplish the retroactive application of *Jenkins.* Since *Jenkins* is limtied to prospective application, the failure of the trial court in the instant case to instruct the jury on second-degree murder was not error, nor can it be said that Butler was prejudiced by the omission of the instruction.[3] Therefore, we conclude that the trial court abused its discretion in granting Butler's motion for a new trial.

Order of superintending control granted. The order granting a new trial is vacated; conviction reinstated.

---

[3] At the time of Butler's trial, Michigan had a common-law felony murder rule, *People v Aaron,* 409 Mich 672, 722-723; 299 NW2d 304 (1980), and thus, even if the jury had been instructed on the lesser included offense of second-degree murder, it would have been obligated to find Butler guilty of felony murder. Although MCL 750.318 provides that the jury shall fix the degree of the offense, in felony murder cases, the statute fixes the degree as first-degree murder. *People v Dupuis,* 371 Mich 395; 124 NW2d 242 (1963).